FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN -8 2013
JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA            PLAINTIFF

v.            No. 4:11CR00074 JLH

JULIAN ALTON PARAMORE, JR.            DEFENDANT

## ORDER

Julian Alton Paramore, Jr., was indicted in April of 2010 on charges that he assaulted a federal officer and that he possessed a prohibited object, i.e., a weapon, while serving a term of imprisonment at the Federal Correctional Complex in Forrest City, Arkansas. At some point, Paramore was transferred by the Bureau of Prisons to the Federal Correctional Complex in Florence, Colorado. On October 26, 2012, Paramore's lawyer filed a motion requesting that the Court order the Bureau of Prisons to transfer Paramore to a facility closer to Little Rock so that Paramore and his lawyer could communicate face-to-face. Document #17. The United States responded by stating that it had no objection to the motion, provided that the Court did not order Paramore transferred to the Federal Correctional Complex in Forrest City, Arkansas. Document #29. The Court then granted the motion and ordered the Bureau of Prisons to transfer Paramore to a facility closer to the Eastern District of Arkansas so that his lawyer could meet with him and prepare a defense. Document #30.

Despite having stated originally that it had no objection to the motion for an order of transfer, the United States has now filed a motion for reconsideration. In the motion for reconsideration, the United States says that a supervisory attorney for the Federal Bureau of Prisons has written in an email that the appropriate process is for the Court to issue a writ so that the United States Marshals Service can pick up the inmate and hold him in a local contract facility. The BOP lawyer also says

that only the BOP, not the federal sentencing judge, has the authority to determine when a federal sentence commences and where that sentence will be served. The motion further says that a representative from the United States Marshals Service reports that Paramore could be transferred to a local jail three or four weeks before trial upon the issuance of a writ but that it would be too expensive to hold him in a local jail for any longer period of time. Finally, the motion states that defense counsel does not object to having the Marshals Service transfer the defendant to the Eastern District of Arkansas four weeks before trial but has concerns about the defendant's mental health that may interfere with the current trial setting.

Independently of his lawyer, Paramore has written the Court a letter stating, in part, that the United States is interfering with his right to counsel by housing him in a facility under circumstances where he cannot confer with his lawyer. Paramore states that he is writing a letter to establish an adequate record of his claim of ineffective assistance of counsel and the deprivation of a fair trial. The Court directs the Clerk to file the letter on the docket so as to give adequate notice of Paramore's claim that he is being deprived of effective assistance of counsel and a fair trial.

It is the duty of the Court to make sure that both parties to this case have a fair trial. For the defendant, the right to a fair trial includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The Supreme Court has recently explained:

> The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding. Its protections are not designed simply to protect the trial even though counsel's absence [in these stages] may derogate from the accused's right to a fair trial. The constitutional guarantee applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which the defendant cannot be presumed to make critical decisions without counsel's advice.

*Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1385, 182 L. Ed. 2d 398 (2012) (internal quotation

marks and citation omitted). Here, the United States has housed Paramore in a location and under circumstances in which he is effectively denied the right to counsel during critical pretrial stages in disregard of the Supreme Court's holding that he has a right to counsel at pretrial critical stages. The dynamics of the attorney/client relationship often require face-to-face meetings for a number of reasons, one of which is to give counsel the opportunity to gain his client's trust and confidence. That consideration may be especially critical in a case such as this one, particularly if Paramore has issues relating to mental or emotional health. Moreover, as Paramore notes in his letter, it seems fundamentally unfair for the United States to have two years to prepare for trial, while he will not be allowed to meet with his lawyer until four weeks before trial.

There are three agencies involved in this action: the United States Attorney for the Eastern District of Arkansas; the Bureau of Prisons; and the United States Marshals Service for the Eastern District of Arkansas. All three are agencies of the Department of Justice and ultimately are under the supervision of the Attorney General of the United States, which means that the Department of Justice is prosecuting Paramore; the Department of Justice is holding Paramore in a location and under circumstances in which he cannot meet with counsel; and the Department of Justice declines to bring him to Little Rock more than four weeks before trial due to budgetary concerns.

The issue of Paramore's right to counsel can be resolved in one of three ways. First, the Bureau of Prisons can transfer Paramore to a facility close to the Eastern District of Arkansas where he can meet with his lawyer. The fact that the sentencing judge cannot designate where a prisoner will serve his term of imprisonment is beside the point. First, this Court is not the sentencing court and has no intention of designating the facility where Paramore will serve his term of imprisonment. In this action, Paramore is a pretrial detainee, and as such he has a right to counsel, which means that

he and his lawyer must be able to meet and confer. This Court will ensure that his right to counsel is not abridged. Secondly, even if it is true that this Court has no authority to order the Bureau of Prisons to transfer Paramore to a facility close to the Eastern District of Arkansas, the Bureau of Prisons (as part of the Department of Justice) obviously could do so voluntarily in order to ensure that Paramore's constitutional rights are protected in this prosecution (which is brought by the Department of Justice).

The second way in which this matter can be resolved is that the United States Marshals Service (another part of the Department of Justice) can pick up Paramore, bring him to Little Rock, and house him in a local contract facility as soon as possible, regardless of budget considerations. If necessary, the Court can issue a writ at any time so that the Marshals Service can take custody of Paramore and house him in a facility where his lawyer can see him.

The third way in which this matter can be resolved is that the indictment can be dismissed. If the Department of Justice cannot manage this prosecution to ensure that Paramore's constitutional rights are protected, that may be the only alternative.

The Court directs the United States Attorney to submit a report within seven days from the entry of this Order as to how the matter will be resolved.

IT IS SO ORDERED this 8th day of January, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE